IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MBALAMINWE MWIMANZI,** | : |
| **Plaintiff,** | : |
| v. | :     2020-CV-00079 (CRC) |
| **DISTRICT OF COLUMBIA,** *et al.,* | : |
| **Defendants.** | : |

## DEFENDANTS DISTRICT OF COLUMBIA AND JOSHUA WILSON'S ANSWER TO THE COMPLAINT

Defendants District of Columbia (the District) and Officer Joshua Wilson hereby answers Plaintiff Mbalaminwe Mwimanzi's Complaint in the above-captioned matter.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The District and Wilson (collectively "Defendants") state the following in response to the individually numbered paragraphs in the Complaint:

### INTRODUCTION

Defendants deny the averments raised in the Introduction to Mwimanzi's Complaint.

### JURISDICTION AND VENUE

1. Defendants admit that Mwimanzi sued them under the Fourth Amendment to the U.S. Constitution. Further answering, Defendants admit that Mwimanzi has raised common law

claims against them that purportedly arise from the same events as his constitutional claim, and that the Court has jurisdiction over these claims.

2. Defendants admit that the Court has jurisdiction over this lawsuit but deny that the events occurred as pled.

## PARTIES

3. Defendants lack sufficient knowledge to admit or deny the allegations set forth in this paragraph.

4.-5. Admitted.

## FACTS

6.-8. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraphs 6 through 8.

9. Defendants admit that on the evening of January 15, 2019, Mwimanzi was located at 769 Quebec Place NW, Apartment 2, Washington, DC 20010. Further answering, Defendants lack sufficient information to admit or deny the remaining allegations set forth in paragraph 9.

10. Defendants admit that at approximately 9:00 p.m. a team of MPD officers broke down the apartment's door and ordered everyone to get on the ground. Further answering, Defendants lack sufficient information to admit or deny the remaining allegations set forth in paragraph 10.

11.-14. Defendants lack sufficient information to admit or deny the allegations set forth in paragraphs 11 through 14.

15. Defendants admit that during the search on January 15, 2019, no drugs, contraband or evidence of a crime was found.

16.-18.  Defendants lack sufficient information to admit or deny the allegations set forth in paragraphs 16 through 18.

19. Defendants admit that during the search on January 15, 2019, no drugs, contraband or evidence of a crime was found.

20. Defendants admit that Wilson walked toward Mwimanzi and told him to stand up. up.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in paragraph 20.

21. Defendants lacks sufficient information to admit or deny the allegations set forth in paragraph 21.

22. Denied.

23. Defendants deny that Wilson told Mwimanzi to spread his legs wider.  Further answering, Defendants lack sufficient information to admit or deny the remaining allegations set forth in paragraph 23.

24. Defendants admit that Wilson searched Mwimanzi's groin area.  Further answering, Defendants deny the remaining allegations as written.

25. Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 25.

26. Defendants admit that Wilson searched Mwimanzi's groin area.  Further answering, Defendants deny the remaining allegations as written.

27. Denied.

28. Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 28.

29.-31.  Denied.

32.-33.   Admitted.

34.   Defendants admit that during the search on January 15, 2019, Mwimanzi did not possess any contraband, weapon or evidence of a crime. Further answering, Defendants lack sufficient information to admit or deny the remaining allegation set forth in paragraph 34.

35.   Denied.

36.   Admitted.

37.   Defendants admit that Mwimanz alleged that he was sexually assaulted and wanted treatment.

38.   Defendants lacks sufficient information to admit or deny the allegations set forth in paragraph 38.

39.   Defendants admit that an ambulance was called for Mwimanz. Further answering, Defendants deny Mwimanz characterization that "eventually" the officers called an ambulance for him as pled in paragraph 39.

40.   Admitted.

41.   Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 41.

42.   Defendants deny that the warrant did not permit a search of Mwimanz. Further answering, Defendants deny that Wilson "probed" Mwimanz's buttocks or testicles.

43.   Admitted.

44.   Denied.

45.   Admitted.

46.-47. Denied.

48.     Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 48.

49.-50. Admitted.

51.     Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 51.

52.     Admitted.

53.-57.  Defendants lack sufficient information to admit or deny the allegations set forth in paragraphs 53 through 57.

58.     Admitted.

59.     The District admits that on March 13, 2019, a letter was delivered to the D.C. Office of Risk Management on behalf of Mwimanzi describing the incident that is the subject of this lawsuit.  The District lacks sufficient information to admit or deny the remaining allegations.  Wilson lacks sufficient information to admit or deny the allegations raised in paragraph 59.

60.     The District admits the allegations in paragraph 60.   Wilson lacks sufficient information to admit or deny the allegations raised in paragraph 60.

## CLAIMS FOR RELIEF
### Claim I: Violation of Fourth Amendment Rights/ 42 U.S.C. § 1983
### (Defendant Wilson)

61.     Admitted.

62.     Denied.

### Claim II: Battery
### (Defendants Wilson & District of Columbia)

63.     Admitted.

64.-65. Denied.

Further answering the complaint, Defendants deny all allegations not specifically admitted or otherwise answered, including but not limited to allegations of battery, excessive force, and deprivation of constitutional and civil rights.

### THIRD DEFENSE

Any actions taken by Defendants as related to Mwimanz was necessary and reasonable under the circumstances and carried out pursuant to lawful authority.

### FOURTH DEFENSE

If Mwimanz was injured or damaged as alleged, such injuries were the result of Mwimanz's intentional, illegal or otherwise wrongful conduct.

### FIFTH DEFENSE

Defendants deny that they are liable for any wrongful conduct in connection with the events described in this Complaint.

### SIXTH DEFENSE

Wilson had probable cause for searching Mwimanz and the search conducted was proper.

### SEVENTH DEFENSE

Mwimanz may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001).

### EIGHTH DEFENSE

Mwimanz may have failed to mitigate his damages.

### NINETH DEFENSE

The applicable statute of limitations and/or laches may bar the Plaintiff's claims.

### TENTH DEFENSE

Wilson is entitled qualified immunity.

### ELEVENTH DEFENSE

Wilson is entitled to a privilege for his actions and conduct.

### TWELFTH DEFENSE

Defendants assert governmental/sovereign immunity and absence of bad faith.

### THIRTEENTH DEFENSE

Mwimanz is not entitled to punitive damages.

### THIRTEENTH DEFENSE

Wilson's actions did not lead to Mwimanz's claimed damages.

### SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Mwimanz, including but not limited to unpaid taxes, health and hospital care, the cost of any care or treatment of Mwimanz rendered or paid for by the District through any means, including Medicare, Medicaid, AFDC, GPF or any other benefit.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable. Defendants reserves the right to Amend this Answer.

**WHEREFORE,** Defendants pray that the Court will dismiss the Complaint and award Defendants the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Date: February 6, 2020                    Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia
CHAD COPELAND
Deputy Attorney General, Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ *Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6600; (202) 727- 6295
Fax: (202) 741-8924
Email: kerslyn.featherstone@dc.gov

*Counsel for Defendants District of Columbia and Joshua Wilson*