UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MBALAMINWE MWIMANZI,

                       Plaintiff,

    v.

JOSHUA WILSON, *et al.*,

                       Defendants.

No. 20-cv-00079 (CRC)

[Proposed]
**PROTECTIVE ORDER**

      Upon consideration of Plaintiff's consent motion for a Protective Order, it appearing to the Court that a Protective Order is necessary to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," and that "good cause" exists for the protection sought, Fed. R. Civ. P. 26(c), it is hereby

ORDERED:

1. For purposes of this Order, "Discovery" means all information, documents, and things subject to discovery or used as evidence in this action, whether produced by any party or a third party, including without limitation, documents, audio and video recordings, and information produced pursuant to Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36.

2. Information Subject to This Protective Order: The following categories of information may be designated "Confidential information" pursuant to this Protective Order:

   a. personal identifying information (PII) sought from an individual, defined as such individual's, or his/her family members', home address, telephone number, date of birth, social security number, health care information, health insurance records, life insurance information and/or any other personal identifying information unique to such individual;

   b. non-public information contained in an employee or former employee's personnel file, disciplinary file, and/or adverse action file;

   c. non-public information contained in investigative files on employee complaints;

   d. information protected by or specifically prohibited from release by statute or regulation;

   e. medical records, including, but not limited to, mental health records; and

   f. Plaintiff's federal, state, and local tax returns and accompanying schedules and Plaintiff's W-2 statements.

3. The parties may redact personal identifying information (PII) from documents. Such redactions do not affect the designation of said documents as CONFIDENTIAL. Any party that redacts PII shall, upon request, inform any other party of the type of PII that was redacted (e.g. social security number, bank account number, etc.).

## Handling of Confidential Information

4. Discovery produced in this action may be designated as Confidential Information by marking the word "Confidential" on each page so designated. In the event that a party produces information that should be designated as Confidential Information but inadvertently fails to designate the information as such, the party may within seven working days of the production designate the information as Confidential. All parties who received the information without the Confidential designation will return the non-designated copy to the producing party or, in the case of electronic documents, permanently delete the document.

5. All Confidential Information disclosed, furnished or submitted, either voluntarily or pursuant to a court order, prior to or subsequent to the execution of this Protective Order, by or on behalf of any party or non-party to this action, shall be used only in connection with pretrial proceedings, preparation for trial, trial, and any appeals or other proceedings in this action.

6. Unless otherwise provided in this Order, access to Confidential Information will be restricted to: the parties; the Court and its officers; attorneys in this action and their support staff, including paralegals, legal interns, and legal assistants; testifying or consulting experts; the jurors at trial of this matter if the Confidential Information is entered into evidence by a party; or where production is ordered by the Court.

7. Before any person described in Paragraph 5 (other than the Court and its officers and jurors) may be permitted access to Confidential Information, he or she shall have first read this Protective Order and shall have executed the agreement attached hereto as Exhibit "A." Counsel for the party retained to engage such persons shall retain a copy of all executed acknowledgements. Any person permitted access to Confidential Material is prohibited from disclosing any information deemed Confidential, except as provided herein, or except as otherwise agreed upon by the party producing the information, or except as permitted by further order of the Court.

8. If a party improperly discloses Confidential Information to a person who is not entitled to see or receive Confidential Information pursuant to this Order, the party must (a) notify the producing party of the disclosure, and (b) take reasonable steps to prevent further improper disclosure and to retrieve all improperly disclosed Confidential Information.

**Use of Confidential Information**

9. If either party wishes to file Confidential Information on the public docket or otherwise make it publicly available, counsel shall notify opposing counsel of his or her intent to file or distribute such material at least ten working days before doing so. Counsel for both parties shall then confer in good faith to determine whether redactions are necessary and to agree on appropriate redactions, with as few redactions as possible.

10. If counsel for both parties are able to agree on appropriate redactions, the redacted document(s) shall be filed on the public record or otherwise disclosed. If desired by either party or requested by the Court, an unredacted version will be filed under seal pursuant to Local Civil Rule 5.1(h). If counsel for both parties are unable to agree on appropriate redactions, the party opposing disclosure may move for a protective order pursuant to Fed. R. Civ. P. 26(c); the party seeking disclosure shall not disclose the material until the Court has acted on the motion for a protective order.

11. During any deposition, an expert or party deponent may be shown and examined about Confidential Information. Fact deponents, other than parties, may not be shown and examined about Confidential Information. Expert deponents shall not retain or copy any Confidential Information.

12. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or at any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for the party who designated the information as Confidential. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine what protection, if any, shall be afforded to the information.

### **Challenges to Confidential Designations**

13. By treating designated material as Confidential Information in accordance with this Order, a party shall not be deemed to have conceded that the material is actually confidential.

14. This Protective Order shall be without prejudice to any party bringing to the Court at any time the question of whether any particular information is or is not properly designated as Confidential. However, before any party seeks a Court order altering the confidentiality designation, that party shall give the designating party reasonable written notice and the opportunity to voluntarily change the designation of the information.

## **Miscellaneous**

15. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, and work product of counsel.

16. Following the final termination of this litigation, the parties shall destroy all Confidential Information received from another party that has not been filed on the public docket or otherwise made publicly available pursuant to this Order, and shall certify in writing to the other party that the destruction of all such Confidential Information has been completed.

17. The terms of this Protective Order shall survive the final termination of this litigation and shall continue to apply fully to all Confidential Information. Following the final termination of this litigation, this Court shall retain jurisdiction over the parties and all persons who received access to confidential materials for the purposes of enforcing the provisions of this order.

SO ORDERED.

Dated: _____, 2020                                             _____

CHRISTOPHER R. COOPER
United States District Judge

5