# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MBALAMINWE MWIMANZI,

                Plaintiff,

v.

JOSHUA WILSON, et al.,

                Defendants.

20-cv-00079 (CRC)

**DEFENDANT OFFICER JOSHUA WILSON'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Under Fed. Civ. R. 33, Defendant Officer Joshua Wilson (Officer Wilson) states as follows:

(a)     The information supplied in these answers is based solely on the knowledge of the executing party.

(b)     The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c)     Officer Wilson reserves the right to amend, revise, or supplement his answers to these interrogatories if and when new or different information becomes available.

(d)     For any additional responsive information made available through deposition testimony, Officer Wilson incorporates such information for the purposes of giving the Mbalaminwe Mwimazni (Mwimanzi) notice that such information exists but does not adopt such testimony as accurate and complete.

## General Objections

Officer Wilson objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Further objection insofar as the interrogatory calls for the production of information that was prepared for or in anticipation of litigation; insofar as it calls for the production of information which is publicly available or otherwise equally available and/or uniquely available or equally available from third parties; insofar as it calls for the production of information that does not specifically refer to the events which are the subject matter of this litigation; and insofar as it calls for the production of information which is disproportionate to the subject matter of this litigation.

Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, Officer Wilson objects to any part of Mwimanzi's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in Officer Wilson's control or not currently known to him after reasonable inquiry.

## ANSWERS TO INTERROGATORIES

1.      Identify all individuals, including MPD members, who entered or were inside 769 Quebec Place NW, Apartment 2, Washington D.C. 20010 during the Incident.

**ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, to the best of my knowledge and recollection, Officer Wilson identifies: Mwamanzi, Richard Allen Beard, Linnell Lonie Shelton, Lawrence Kier Jr., Demetrius Price, Duane Cole, Willie Ingram, Margie Whitehead, me, Sergeant Bryan Cox, Officer Taylor Collins, Officer William Gill,**

2

Christopher Hyder, Officer Jesse Langford, Officer Reynaldo Majano, Officer Meghan Murrock, Officer David Pitt, Officer Troy Scott, Officer Jose Seijo, Officer Terrence Sutton, Officer Aminata Jallow, and Officer Jerika Wilson.

2. Identify all MPD members who witnessed Defendant Wilson "search" (which, as defined in §II, ¶ 15 includes a protective pat-down or frisk) Mr. Mwimanzi during the Incident. For every member identified in response this Interrogatory, state whether the member saw Defendant Wilson place his hands between Mr. Mwimanzi's legs, and whether the member saw Defendant Wilson touch Mr. Mwimanzi's buttocks area through Mr. Mwimanzi's clothing.

ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, I do not know who witnessed me search Mr. Mwimamzi.

3. Identify every MPD member who searched Mr. Mwimanzi during the Incident. If a member conducted a search jointly with another member – that is, concurrently or at approximately the same time as the other member – list them on the same line. List the members in the order in which they conducted a search, such that the member(s) who conducted the earliest search of Mr. Mwimanzi is/are listed first and the member(s) who conducted the final search of Mr. Mwimanzi is/are listed last.

ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, I do not know every MPD member who searched Mwimanzi. Further answering, I searched Mwimanzi and I believe Officer Jose Seijo conducted a pat down of Mr. Mwimanzi.

4. State all factual and legal grounds that Defendants believe justified Defendant Wilson's decision to initiate his search of Mr. Mwimanzi's "groin area" (a place that, in their answer, Defendants admitted that Defendant Wilson investigated, *see* Answer ¶ 26), as well as all factual and legal arguments that Defendants believe justified the manner in which Defendant Wilson conducted the search of Mr. Mwimanzi's groin area.

ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, I did not search Mwimanzi as described in the Complaint. Further answering, the search I conducted was justified under Metropolitan Police Department General Order 702.03 (DC Code Title 23 § 23-524).

3

5.   List every formal or informal review, investigation, or evaluation conducted by a Government Agency of the Incident or its surrounding circumstances. For each review, investigation, or evaluation listed, state:

   a.   The dates of the review, investigation, or evaluation, the name of the investigating Government Agency, and any affiliated identifying number (such as an "IS" number);

   b.   The names and titles of all Government Agency personnel involved in conducting the review, investigation, or evaluation;

   c.   The allegations investigated and the findings, conclusions, and recommendations, if any, of the Government Agency that conducted the review, investigation, or evaluation; and

   d.   Any action taken as a result of the review, investigation, or evaluation, including any Adverse Consequences imposed. If no actions were taken, so specify and explain why not.

**ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, I am only aware that the Metropolitan Police Department's Internal Affairs Division conducted an investigation into Mwimanzi's allegations and they determined that his allegations were unfounded. I have no further information that is responsive to this interrogatory.**

6.   List, in chronological order, every training that Defendant Wilson has attended in the course of his employment with MPD, or during his attendance of any police academy programs, that covered searches, including, but not limited to, courses or training sessions that occurred during Defendant Wilson's time at the policy academy, in-service training, and remedial instruction. For each training listed, state whether the training covered searched of sensitive body parts.

**ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, under the terms of the protective order in this case I provide the following information: I received training that**

4

covered searches of the entire human body during my time at the police academy. I also received training on searching the entire human body in the field.

7.  Identify, by specifying the date and nature of the allegations, any Complaint asserted against Defendant Wilson since he turned 18 years old that alleges that he (a) conducted an improper or unlawful search of a person's sensitive body part(s) in the course of providing police- or security-related services, (b) committed any act of dishonesty in the course of the his employment, or (c) engaged in any criminal conduct.

**ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, none.**

8.  Identify every Complaint submitted to MPD or another Government Agency, between January 1, 2017 and January 15, 2019, alleging that any MPD member conducted an unlawful search of an individual's sensitive body part(s) in the course of the member's duties with MPD.

**ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, I have no information responsive to this interrogatory.**

9.  Identify all persons with whom Defendant Wilson has discussed the Incident or any review, investigation, evaluation, disciplinary, proceedings, consequences, or legal action (including this one) related to the Incident.

**ANSWER: Officer Wilson adopts and otherwise maintains his objections previously asserted on July 31, 2020. Without waiving the objections, I spoke to Sexual Assault Unit Detective Trina Johnson and an Internal Affairs Detective whose name I cannot recall.**

Under 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

By: _____
Joshua Wilson
Police Officer
Metropolitan Police Department
(204) 427-7544

Date executed: 9/4/2020

5

As to objections:

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Stephanie M. Corcoran
KERSLYN D. FEATHERSTONE
Senior Assistant Attorney General
D.C. Bar No. 478758
STEPHANIE M. CORCORAN
D.C. Bar No. 1510874
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6600; (202) 807-0358; (202) 727-6295
(202) 741-8924; (202) 741-0594(fax)
kerslyn.featherstone@dc.gov;
stephanie.corcoran@dc.gov

*Counsel for Defendants District of Columbia and Officer Joshua Wilson*

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of Officer Wilson's Answers to Plaintiff Mbalaminwe Mwimanzi's First Set of Interrogatories were e-mailed this 11th day of September 2020, to:

Michael Perloff, Esq.
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington DC 20005
mperloff@acludc.org

/s/ Stephanie M. Corcoran
STEPHANIE M. CORCORAN
Assistant Attorney General

Michael Perloff, Esq.
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington DC 20005
mperloff@acludc.org

/s/ Stephanie M. Corcoran
STEPHANIE M. CORCORAN
Assistant Attorney General