# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MBALAMINWE MWIMANZI,<br><br>       Plaintiff,<br> v.<br><br>JOSHUA WILSON, *et al.*,<br><br>       Defendants. | 20-cv-00079 (CRC) |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Under Fed. Civ. R. 33, Defendant District of Columbia (the District) states as follows:

 (a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

 (b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

 (c) The District reserves the right to amend, revise, or supplement its answers to these interrogatories if and when new or different information becomes available.

 (d) For any additional responsive information made available through deposition testimony, the District incorporates such information for the purposes of giving Mbalaminwe Mwimazni (Mwimanzi) notice that such information exists but does not adopt such testimony as accurate and complete.

 (e) The District may provide documents, which will answer Mwimanzi's interrogatory in accordance with Fed. R. Civ. P. 33(d).

## General Objections

The District objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Further objection insofar as the interrogatory calls for the production of information that was prepared for or in anticipation of litigation; insofar as it calls for the production of information which is publicly available or otherwise equally available and/or uniquely available or equally available from third parties; insofar as it calls for the production of information that does not specifically refer to the events which are the subject matter of this litigation; and insofar as it calls for the production of information which is disproportionate to the subject matter of this litigation.

Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, the District objects to any part of Mwimanzi's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

## ANSWERS TO INTERROGATORIES

1.  Identify all individuals, including MPD members, who entered or were inside 769 Quebec Place NW, Apartment 2, Washington D.C. 20010 during the Incident.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, the District identifies: Mwamanzi, Richard Allen Beard, Linnell Lonie Shelton, Lawrence Kier Jr., Demetrius Price, Duane Cole, Willie Ingram, Margie Whitehead, Sergeant Bryan Cox, Officer Taylor Collins, Officer William Gill, Christopher Hyder, Officer Jesse Langford, Officer Reynaldo Majano, Officer Meghan Murrock, Officer David Pitt, Officer Troy Scott, Officer Jose**

2

Seijo, Officer Terrence Sutton, Officer Aminata Jallow, Officer Jerika Wilson, and Officer Joshua Wilson.

2. Identify all MPD members who witnessed Defendant Wilson "search" (which, as defined in §II, ¶ 15 includes a protective pat-down or frisk) Mr. Mwimanzi during the Incident. For every member identified in response this Interrogatory, state whether the member saw Defendant Wilson place his hands between Mr. Mwimanzi's legs, and whether the member saw Defendant Wilson touch Mr. Mwimanzi's buttocks area through Mr. Mwimanzi's clothing.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, Sergeant Bryan Cox saw "bits and pieces" of Officer Wilson's search but did not see Officer Wilson put his hands between Mr. Mwimanzi's buttocks area through Mr. Mwimanzi's clothing as alleged. Officer Meghan Murrock also witnessed the search but did not see Officer Wilson put his hands between Mr. Mwimanzi's legs and did not see Officer Wilson touch Mr. Mwimanzi's buttocks area through Mr. Mwimanzi's clothing as alleged. Officer Jose Seijo witnessed a small portion of the search but did not see Officer Wilson put his hands between Mr. Mwimanzi's legs and did not see Officer Wilson touch Mr. Mwimanzi's buttocks area through Mr. Mwimanzi's clothing as alleged.**

3. Identify every MPD member who searched Mr. Mwimanzi during the Incident. If a member conducted a search jointly with another member – that is, concurrently or at approximately the same time as the other member – list them on the same line. List the members in the order in which they conducted a search, such that the member(s) who conducted the earliest search of Mr. Mwimanzi is/are listed first and the member(s) who conducted the final search of Mr. Mwimanzi is/are listed last.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, Officers Sutton, Seijo, and Wilson. None of the officers jointly searched Mr. Mwimanzi.**

4. State all factual and legal grounds that Defendants believe justified Defendant Wilson's decision to initiate his search of Mr. Mwimanzi's "groin area" (a place that, in their answer, Defendants admitted that Defendant Wilson investigated, *see* Answer ¶ 26), as well as all factual

3

and legal arguments that Defendants believe justified the manner in which Defendant Wilson conducted the search of Mr. Mwimanzi's groin area.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, the search conducted by Officer Wilson of Mr. Mwimanzi was justified under Metropolitan Police Department General Order 702.03 (DC Code Title 23 § 23-524).**

5.  List every formal or informal review, investigation, or evaluation conducted by a Government Agency of the Incident or its surrounding circumstances. For each review, investigation, or evaluation listed, state:

   a.  The dates of the review, investigation, or evaluation, the name of the investigating Government Agency, and any affiliated identifying number (such as an "IS" number);

   b.  The names and titles of all Government Agency personnel involved in conducting the review, investigation, or evaluation;

   c.  The allegations investigated and the findings, conclusions, and recommendations, if any, of the Government Agency that conducted the review, investigation, or evaluation; and

   d.  Any action taken as a result of the review, investigation, or evaluation, including any Adverse Consequences imposed. If no actions were taken, so specify and explain why not.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, the Metropolitan Police Department's Internal Affairs Division conducted an investigation into Mr. Mwimanzi's complaints. See below information provided under the protective order in this case.**

   a.  **November 9, 2019**
       **Metropolitan Police Department Internal Affairs Division**
       **IS# 19-000151; IAD# 19-015; X-O-19-068**

   b.  **Detective Kimberley Metivier - Internal Affairs Division**
       **Lieutenant Darren Haskis - Internal Affairs Division**
       **Agent Farid Fawzi – Internal Affairs Division**
       **Detective Trina Johnson – Sexual Assault Unit**

4

        Detective Elbert Griffin – Sexual Assault Unit
        Detective Caleb Bacon – Sexual Assault Unit
        John Knutsen – Internal Affairs Division
        Lieutenant Cady
        Lieutenant Darren Haskis – Internal Affairs Division

    c.     Allegations of excessive force and sexual assault were investigated. allegations were unfounded.

    d.     The allegations against Officer Wilson were unfounded; therefore, no actions were taken.

6.     List, in chronological order, every training that Defendant Wilson has attended in the course of his employment with MPD, or during his attendance of any police academy programs, that covered searches, including, but not limited to, courses or training sessions that occurred during Defendant Wilson's time at the policy academy, in-service training, and remedial instruction. For each training listed, state whether the training covered searched of sensitive body parts.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, the District identifies the following under the protective order: Officer Wilson received training that covered searches of the entire human body during his time at the police academy. Officer Wilson also received training on searching the entire human body in the field.**

7.     Identify, by specifying the date and nature of the allegations, any Complaint asserted against Defendant Wilson since he turned 18 years old that alleges that he (a) conducted an improper or unlawful search of a person's sensitive body part(s) in the course of providing police- or security-related services, (b) committed any act of dishonesty in the course of the his employment, or (c) engaged in any criminal conduct.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, none.**

8.     Identify every Complaint submitted to MPD or another Government Agency, between January 1, 2017 and January 15, 2019, alleging that any MPD member conducted an unlawful search of an individual's sensitive body part(s) in the course of the member's duties with MPD.

**ANSWER: The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiver of its objections, the information sought is irrelevant**

given its disproportionality of the claims alleged. Other officers are not at issue in this lawsuit and Officer Wilson cannot be held liable for any alleged complaints made against other officers.

9. Identify all persons with whom Defendant Wilson has discussed the Incident or any review, investigation, evaluation, disciplinary, proceedings, consequences, or legal action (including this one) related to the Incident.

**ANSWER:** The District adopts and otherwise maintains its objections previously asserted on July 31, 2020. Without waiving the objections, the District, under the protective order in this case, states that it is aware that Officer Wilson spoke to Sexual Assault Unit Detective Trina Johnson and another Internal Affairs Detective whose name is unknown at this time.

Under 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

By: _____
Bryan Christian
Captain
Metropolitan Police Department
(202) 715-7471

Date Executed: 9-13-20

As to objections:

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

>PATRICIA A. OXENDINE
>D.C. Bar No. 428132
>Chief, Civil Litigation Division, Section I
>
>*/s/ Stephanie M. Corcoran*
>KERSLYN D. FEATHERSTONE
>Senior Assistant Attorney General
>D.C. Bar No. 478758
>STEPHANIE M. CORCORAN
>D.C. Bar No. 1510874
>Assistant Attorney General
>400 6th Street, NW
>Washington, D.C. 20001
>(202) 724-6600; (202) 807-0358; (202) 727-6295
>(202) 741-8924; (202) 741-0594(fax)
>kerslyn.featherstone@dc.gov;
>stephanie.corcoran@dc.gov
>
>*Counsel for Defendants District of Columbia and Officer Joshua Wilson*

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of the foregoing Answers to Plaintiff Mbalaminwe Mwimanzi's First Set of Interrogatories were e-mailed this 14th day of September 2020, to:

Michael Perloff, Esq.
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington DC 20005
mperloff@acludc.org

>*/s/ Stephanie M. Corcoran*
>STEPHANIE M. CORCORAN
>Assistant Attorney General