UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MBALAMINWE MWIMANZI,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSHUA WILSON, *et al.*,<br><br>*Defendants*. | 20-cv-00079 (CRC) |

### DEFENDANTS OFFICER JOSHUA WILSON AND THE DISTRICT OF COLUMBIA'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendants Officer Joshua Wilson and the District of Columbia (the District) submit the following statement of material facts not in dispute in support of their motion for summary judgment:

1. On January 15, 2019, Officer C. Hyder with the Metropolitan Police Department filed an affidavit in support of an application for a search warrant (the Affidavit) with the Superior Court of the District of Columbia. *See* Affidavit in Support of Warrant and Search Warrant, attached as Ex. A.

2. The Affidavit shows months leading up to his application for the search warrant, Officer Hyder had investigated a series of drug complaints from citizens about 769 Quebec Place, NW, Apartment 2 (the Apartment). *Id.*

3. Officer Hyder received information from a Confidential Informant about "multiple drug users and drug dealers [ ] entering [the Apartment]…." *Id.*

4. Margie Whitehead was identified as the lease holder who "allowed other individuals to use her apartment." *Id.*

5. The Confidential Informant reported "that on a daily basis there ha[d] been heavy foot traffic going to and from [the] Apartment…, the front lobby of the apartment building, and the rear alley of the building." *Id*.

6. Officer Hyder also observed "heavy foot traffic entering and existing the building." *Id.*

7. Based on the affidavit, a Superior Court of the District of Columbia Judge found probable cause to grant the search warrant (Search Warrant) to search the Apartment for drugs and/or narcotics, drug paraphernalia, scales, packaging and processing materials, safes, containers both locked and unlocked, cash, computers, records, tally sheets, books, receipts, notes, ledgers, bank records, telephone bills, money orders, and other papers documenting the importation, purchase, processing and manufacturing, ordering, sale, and distribution of any illicit drugs, as well as proof of residency. *See* Ex. A.

8. On January 15, 2019, before the execution of the Search Warrant, Officer Joshua Wilson received a copy of it but not the Affidavit. He attended a briefing to discuss the search warrant and the background; briefings occur before every search warrant is executed. Officer Joshua Wilson Dep. at 17:8-19, Ex. C.

9. At the briefing, Officer Wilson learned about the contents of the Affidavit; he learned "multiple individuals were going in and out of the apartment, going in and out of the apartment buying and selling drugs -- believed to be buying and selling drugs." Ex. C at 18:2-4.

10. The Search Warrant was executed by MPD police on January 15, 2019. Plaintiff's Answers to Defendants' Interrogatories at No. 4, attached as Ex. B.

11. Officer Joshua Wilson entered the Apartment after the other officers and he searched Mwimanzi for drugs and drug paraphernalia as identified on the Search Warrant. Ex. C at 39:4-11.

12. Officer Wilson's search of Mwimanzi was captured on Officer Wilson's Body Worn Camera (BWC). Ex. D from 02:19:32Z to 02:19:39Z.

13. At deposition, Mwimanzi testified that he told Officer Wilson, "Stop, you know, molesting me. Stop fingering me dude." May 21, 2021 Deposition of Mbalaminwe Mwimanzi, attached as Ex. E at 77:15-19.

14. Mwimanzi testified that he flinched as soon as he spread his legs when Officer Wilson instructed him to do so. Ex. E at 110:5-7; 111:15-19.

15. Mwimanzi testified he gasped because Officer Wilson struck him on his testicles. Ex. E at 79:3-4.

16. Officer Wilson testified that if he knew Mwimanzi had been searched, he would not have searched him. Ex. C at 69:25-70:4.

17. Officer Wilson believed that a pat down and frisk occurred, but not that a search had been conducted of Mwimanzi for contraband as Officer Seijo's role was not to conduct searches. Ex. C at 64:5-15.

18. Officer Wilson began his search of Mwimanzi in his groin area because "in [his] experience, that's where a lot of drug dealers and users hide things." Ex. C at 46:14-21.

19. Officer Wilson believed the search was appropriate because what was contained in the search warrant could be on Mwimanzi's body. Ex. C at 21:4-22.

20. And Officer Wilson believed his conduct was lawful based on MPD General Order 702.03. Ex. C at 21:4-22:8.

21. Mwimanzi did not retain a police practices expert. Plaintiff's Responses to Defendants' Requests for Production of Documents at Nos. 6, 10, 12, 14 attached as Ex. F.

Date: August 6, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


/s/ Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
STEPHANIE M. CORCORAN
D.C. Bar No. 1510874
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6600; (202) 615-3910 (direct)
(202) 759-0825; (202) 741-0595 (fax)
kerslyn.featherstone@dc.gov;
stephanie.corcoran@dc.gov

*Counsel for Defendants Officer Joshua Wilson and District of Columbia*