UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MBALAMINWE MWIMANZI,

                     Plaintiff,

   v.

JOSHUA WILSON, *et al.*,

                     Defendants.

20-cv-00079 (CRC)

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff's responses to Defendants' interrogatories follow.

Confidential Information



4. Describe in full detail the incident which is the subject of the Complaint. If you claim that you were assaulted and battered by Officer Wilson, describe each act or omission which forms the basis of the claim, and identify each witness you will call at trial to testify to the facts which form the basis of your claim for assault and battery.

Plaintiff objects that Defendant's request for the names of the witnesses that he plans to call at trial impinges on the work product privilege and is premature. Plaintiff has no obligation to disclose potential witnesses until the time specified by Fed. R. Civ. P. 26(a)(3) and LCvR 16.5. *See Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 15 (D.D.C. 2004) ("Since no trial date has yet been set in this case, defendant has no obligation to reveal the witnesses it may call.").

Until that point, the work product privilege shields any information about trial preparation and strategy. *See id.* Plaintiff will disclose his witnesses in accordance with the timelines established by Fed. R. Civ. P. 26(a)(3) and LCvR 16.5. Without waiving this objection, Plaintiff addresses the remainder of the interrogatory as follows:

On the evening of January 15, 2019, Plaintiff and several friends were at an apartment located at 769 Quebec Place NW. At approximately 9 pm, a team of MPD officers broke down the door to the apartment and ordered the occupants to lower themselves to the ground. Plaintiff complied with this command and, shortly after he did so, an officer pulled him to his feet and handcuffed him. Officers then frisked Plaintiff without uncovering any weapons, contraband, or evidence of a crime. A few moments later, Officer Terence Sutton called Plaintiff toward him, told him that "you don't run shit in here," and directed him to another officer, who searched Plaintiff again, this time more intrusively, but still did not find any weapons, contraband, or evidence of a crime.

Shortly after this search, Defendant Wilson told Plaintiff to stand (he had been seated) and asked another officer "Has he been searched?" The officer answered, "Yes, sir." Defendant Wilson then asked Plaintiff to spread his legs. When Plaintiff spread them the same distance that he had spread them during the prior searches, Defendant Wilson told him to spread them wider. After Plaintiff complied, Defendant Wilson placed his hands on Plaintiff's backside and pressed them between Plaintiff's buttocks through his pants. Plaintiff felt pressure between his buttocks and severe pain in his anus. Defendant Wilson then reached his hands between Plaintiff's legs, jamming Plaintiff's testicles against his leg, rubbing his hand against the testicles, and putting pressure on the testicles, actions he repeated multiple times. Plaintiff shouted, "You're fondling me" and repeatedly cried out in shock and anguish as Defendant Wilson continued to probe. Upon

completing the search, Defendant Wilson, who uncovered no weapons, evidence or contraband, looked at Plaintiff with an expression of satisfaction.

Plaintiff repeatedly told officers on the night of January 15 that he had been sexually assaulted—complaints that he had not made after his previous two searches, which were not characterized by the same degree of intrusiveness and violence. He asked to be taken to the hospital and ultimately went there after the incident due to the pain the search caused him. He continued to experience pain from the incident long after it occurred.

Defendant Wilson did not seek or obtain the consent of Plaintiff, who was handcuffed for the entirety of the search, before conducting it. The search was not conducted incident to an arrest, as Plaintiff was not under arrest at the time of the search or at any point during the incident. Nor was the search authorized pursuant to a warrant. Defendant Wilson had no warrant to search Plaintiff. Neither the warrant that MPD relied upon to enter the apartment nor the attached affidavit identified Plaintiff by name or physical description, and the warrant stated only that MPD could "search at any time of the (**day or night**), the designated **Residence** for the property specified," which included "[d]rugs and/or narcotics, drug paraphernalia," and related materials (emphasis in original). Defendant Wilson also did not have probable cause or reasonable suspicion to believe that Plaintiff possessed evidence, contraband, or a weapon. He knew that Plaintiff had been searched previously and should have known that those searched produced no results. Moreover, at the time that Defendant Wilson conducted his search, Plaintiff was not standing near any contraband, weapons, or evidence, nor did he possess any such items at any point during the incident. In fact, the return MPD officers filed for the warrant that authorized them to search the apartment stated that "nothing [was] seized," suggesting that there were no such items in the apartment at all.



I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Oct 16, 2020          **Mbalaminwe Mwimanzi**
                                    Mbalaminwe Mwimanzi

As to objections:

/s/ Michael Perloff
Michael Perloff (D.C. Bar No. 1601047)
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
mperloff@acludc.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2020, I caused the foregoing Response to Defendants' First Set of Interrogatories to be served by email upon the counsels listed below, the first of whom consented on behalf of Defendants to receipt of electronic service on April 24, 2020:

KERSLYN D. FEATHERSTONE

17

Senior Assistant Attorney General
Assistant Attorney General
441 Fourth Street, NW
Suite 630 South
Washington, D.C. 20001
kerslyn.featherstone@dc.gov

STEPHANIE M. CORCORAN
Assistant Attorney General
441 Fourth Street, NW
Suite 630 South
Washington, D.C. 20001
stephanie.corcoran@dc.gov

/s/ Michael Perloff
Michael Perloff (D.C. Bar 1601047)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
mpelroff@acludc.org

Signature: *Mbalaminwe*
Mbalaminwe Mwimanzi (Oct 16, 2020 18:19 EDT)

Email: mbalaminwe@gmail.com