UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MBALAMINWE MWIMANZI,<br><br>                    Plaintiff,<br>       v.<br><br>JOSHUA WILSON, *et al.*,<br><br>                    Defendants. | Case No. 20-cv-00079 (CRC) |

## THE PARTIES' JOINT MOTION TO STAY THE PROCEEDINGS

The parties jointly request, under Fed. R. Civ. P. 7, that the Court stay all proceedings in this matter for 60 days, until May 23, 2022, to allow the parties to engage in settlement negotiations. Once the 60-day period expires, the parties propose to submit a status report informing the Court of their progress and specifying what, if any, additional proceedings are required in this matter. Good cause exists for the parties' requested relief.

A memorandum of points and authorities in support of the motion is attached. A proposed order is also attached for the Court's consideration.

March 22, 2022                          Respectfully submitted,

                                        */s/* Michael Perloff
                                        Michael Perloff (D.C. Bar No. 1601047)
                                        Tara Patel (D.C. Bar No. 1616930)
                                        Scott Michelman (D.C. Bar No. 1006945)
                                        Arthur B. Spitzer (D.C. Bar No. 235960)
                                        American Civil Liberties Union Foundation
                                            of the District of Columbia
                                        915 15th Street NW, Second Floor
                                        Washington, D.C. 20005
                                        (202) 457-0800
                                        mperloff@acludc.org
                                        Counsel for Plaintiff

1

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


/s/ Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
STEPHANIE M. CORCORAN
D.C. Bar No. 1510874
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6600; (202) 615-3910 (direct)
(202) 759-0825; (202) 741-0595 (fax)
kerslyn.featherstone@dc.gov;
stephanie.corcoran@dc.gov

*Counsel for Defendants District of Columbia and Joshua Wilson*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MBALAMINWE MWIMANZI,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA WILSON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 20-cv-00079 (CRC) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' JOINT MOTION TO STAY THE PROCEEDINGS

The parties submit this memorandum of points and authorities in support of their joint motion to stay the proceedings.

### INTRODUCTION

Good cause exists to stay the proceedings. A stay will allow the parties to engage in settlement discussions and would conserve the Court's resources.

### FACTS

Plaintiff Mbalaminwe Mwimanzi sued Officer Joshua Wilson under 42 U.S.C. § 1983 for allegedly violating his rights when he was searched under a warrant in a private residence. *See* Am. Compl. On July 1, 2021, Mwimanzi moved to amend the complaint to add the District of Columbia as a defendant under § 1983. *See* Pl.'s Mot. to Amend [24]. Mwimanzi filed a motion for partial summary judgment against the District and the defendants moved for summary judgment. *See* Pl.'s Mot. for Partial Summ. J. [32]; Defs.' Mot. for Summ. J. [27].

On March 8, 2022, the Court granted Plaintiff's Motion To Amend, granted Plaintiff's Contingent Motion for Partial Summary Judgment, and denied in part Defendants' Motion for

3

Summary Judgment.  *See* March 8, 2022 Mem. Op. [40]  The lead counsels for the defendants in this action each have out-of-town commitments in April.  The parties plan to engage in settlement negotiations, which they hope will resolve this action.  They now move to stay the proceedings.

## LEGAL STANDARD

A request for a court order must be made by motion.  The motion must:
> (A) be in writing unless made during a hearing or trial;
> (B) state with particularity the grounds for seeking the order; and
> (C) state the relief sought.

## ARGUMENT

Staying the proceedings by 60 days will allow the parties to engage in substantive negotiations.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, the Court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55).

The Court's March 8, 2022 Order granting Plaintiff's Motion To Amend, granting Plaintiff's Contingent Motion for Partial Summary Judgment, and denying in part Defendants' Motion for Summary Judgment have clarified the Court's position on the legal issues in the case. With the Court's Orders in mind, the parties now plan to engage in settlement negotiations, which they hope will resolve this action.  The 60-day period is needed because lead counsels for the defendants in this action each have out-of-town commitments in April and have to consult

4

with clients to obtain settlement authority.  Staying the proceedings by 60 days will allow the parties to engage in substantive negotiations despite defense counsels' obligations.

By creating opportunities for settlement, which in turn would obviate the need for further proceedings, the proposed stay will promote judicial economy. And because the parties jointly seek this relief, neither party will suffer prejudice. For these reasons, the motion should be granted.

March 22, 2022                                   Respectfully submitted,

/s/ Michael Perloff
Michael Perloff (D.C. Bar No. 1601047)
Tara Patel (D.C. Bar No. 1616930)
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
mperloff@acludc.org
Counsel for Plaintiff

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
STEPHANIE M. CORCORAN
D.C. Bar No. 1510874
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6600; (202) 615-3910 (direct)
(202) 759-0825; (202) 741-0595 (fax)
kerslyn.featherstone@dc.gov;
stephanie.corcoran@dc.gov

*Counsel for Defendants District of Columbia and Joshua Wilson*